JUDGE SULLIVAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE NEW YORK DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, by their Trustees
Michael J. Forde and Paul O'Brien, and NEW
YORK CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION,

07 CV.



Plaintiffs,

-against-

KW CONSTRUCTION INC., as Successor to
K W GENERAL CONTRACTOR, INC. and
JOHN WHYTE d/b/a KW CONSTRUCTION, INC.,
and JOHN WHYTE, individually,

COMPLAINT



Defendants.
------------------------------------------------------------X

Plaintiffs, by their attorneys, O'DWYER & BERNSTIEN, LLP complaining of defendants, allege the following:

### Nature of Action

1. This is an action arising under the Employees Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1001, *et seq.*, and the Labor Management Relations Action of 1947 ("LMRA"), 29 U.S.C. Section 152, *et seq.*, to compel defendants KW CONSTRUCTION INC., as Successor to K W GENERAL CONTRACTOR, INC., (referred to hereinafter as "KW") and JOHN WHYTE d/b/a KW CONSTRUCTION, INC. to make contributions to Plaintiffs,

1

employee benefit funds, on behalf of its employees in accordance with applicable law, collective bargaining agreement and trust instruments. This action also arises pursuant to common law, to recover money damages by reason of fraud with respect to defendant JOHN WHYTE, individually (referred to herein as "WHYTE").

## Jurisdiction

2.    Jurisdiction over Count I is conferred upon this Court by Sections 502(a)(3)(B)(ii), 502(d)(1), 502(f) and 502(g) of ERISA, 29 U.S.C. Sections 1132(a)(3)(B)(ii), (d)(1)(f) and (g) and by Section 301(a) of the LMRA, 29 U.S.C. Section 185(a).

3.    Jurisdiction over the state law claims is conferred upon this Court pursuant to its supplemental jurisdiction, 28 U.S.C. Section 1367.

## Venue

4.    The action is properly venued in this District in that plaintiffs maintain their offices in this District, and this is the District in which defendant WHYTE committed acts of fraud.

## Parties

5.    Plaintiffs, The New York District Council of Carpenters Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational and Industry Fund and the New York City District Council of Carpenters Charity Fund, are jointly administered employee benefit plans established under Section 302(c) (5) of the Taft-Hartley Act, 29 U.S.C. Section 186(c)(5). Plaintiffs Michael J. Forde and Paul O'Brien are representative Trustees of the foregoing Funds. Plaintiff New York City and Vicinity Carpenters Labor-Management Corporation is a New York not for profit corporation. Plaintiffs are collectively known as "the Funds".

6. The Funds have their principal places of business at 395 Hudson Street, New York, New York 10014.

7. Upon information and belief, Defendant KW Construction, Inc. is an unincorporated sole proprietorship with a principal place of business in Bronx, New York. Upon information and belief, defendant is an employer in an industry affecting commerce within the meaning of ERISA, Sections 3(5), (11), (12), 29 U.S.C. Sections 1002(5), (11) and (12) and Sections 2 (2), (6) and (7) of the LMRA, 29 U.S.C. Sections 152(2), (6) and (7).

8. Upon information and belief, defendant John Whyte conducts business under the name KW Construction, Inc.

9. Upon information and belief, WHYTE is or was a resident of the State of New York, County of Westchester.

<u>As and for a First Cause of Action</u>

10. At all relevant times there were in full force and effect collective bargaining agreements ("Agreements") between KW and The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union").

11. The Agreements require KW to make fringe benefit contributions to the plaintiffs for each hour worked by individuals performing covered work to pay for fringe benefits, including but not limited to, medical and hospitalization insurance, pension, annuity and vacation.

12. The Agreements provide that KW is also bound by all the terms and conditions of the Agreements and Declarations of Trust creating the Funds, as amended ("Trust"), and by all By-Laws adopted to regulate each of the said Funds.

13. The Agreements further provide that KW is required to make available to the Funds its pertinent books and records, including but not limited to its payroll records, cash disbursements

journal, general ledger, state and federal tax filings and check register, for the purposes of conducting an audit to ensure compliance with the Agreements.

14. Upon information and belief, at all relevant times, KW employed workers for whom it was required to make contributions to the Funds.

15. Upon information and belief, KW failed to remit contributions and/or failed to remit all contributions required to be paid to the Funds for work performed by its covered employees for the period of January 1, 2000 through June 30, 2005 ("Period"), and is delinquent and deficient in the approximate principal sum of one million one hundred fourteen thousand dollars one hundred eighty five dollars and eighteen cents ($1,114,185.18).

16. Defendant's refusal and failure to remit contributions is a violation of the collective bargaining agreements, and the Agreements and Declarations of Trust and ERISA, and the Funds' collection guidelines.

17. Defendant Whyte's operation of KW Construction, Inc. as a sole proprietorship by his failure to incorporate KW Construction, Inc. vitiates any corporate protection he would otherwise be afforded.

18. Defendant Whyte is personally liable for all of KW's debts and liabilities.

As and for a Second Cause of Action
Common Law Fraud as to Defendant WHYTE

19. Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "18" as if set forth in full herein.

20. Upon information and belief, at times between January 1, 2000 and June 30, 2005, WHYTE, acting by himself and/or in concert with persons acting under his direction and control, engaged in a concerted and systematic scheme to defraud the Funds of contributions required to be paid on behalf of KW's carpenter employees by: (a) paying carpenters, or causing carpenters to be

4

paid in cash and/or "off the books" for the purpose, *inter alia*, of avoiding the required fringe benefit fund contributions to the Funds; (b) submitting and/or communicating, or causing KW to submit and/or communicate, false reports and information to the Funds (or its agents) that deliberately omitted covered employees; and (c) other schemes and artifices presently unknown.

21.     Upon information and belief, at times between January 1, 2000 and June 30, 2005, WHYTE, acting by himself and/or in concert with persons acting under his direction and control, engaged and/or participated in a concerted and systematic scheme whereby he caused KW to pay cash to its carpenters in violation of the collective bargaining agreement and other documents.

22.     Upon information and belief, at times between January 1, 2000 and June 30, 2005, WHYTE, acting by himself and/or in concert with persons acting under his direction and control defrauded the Funds by providing reports and information to the Funds that deliberately omitted covered employees for whom contributions were required to be made.

23.     Upon information and belief, at times between January 1, 2000 and June 30, 2005, WHYTE, acting by himself and/or in concert with persons acting under his direction and control submitted shop steward reports to the District Council that deliberately omitted covered employees for whom they knew KW was required to make contributions to the Funds.

24.     Upon information and belief, defendant WHYTE knew the documents and reports of carpenters employed and the hours they worked were false when made.

25.     On or about October 28, 2005, defendant WHYTE executed an affidavit wherein he swore that KW had provided the Funds with "all books and records of the company relating to the period January 1, 2000 through June 30, 2003". Defendant WHYTE further swore that he understood that the Funds were foregoing legal action to compel the production of this information based on his representations in the affidavit.

26. Upon information and belief on October 28, 2005 defendant WHYTE knew of the existence of bank accounts of KW used to pay carpenters "off the books" during the Period.

27. As of October 28, 2005, defendant WHYTE knew that the existence of these bank accounts was not disclosed to the Funds.

28. Defendant WHYTE knew the Funds relied upon the representations of hours worked and carpenters employed that were made to the Funds and/or its agents in calculating KW'S liability for fringe benefit contributions.

29. The Funds justifiably relied upon defendant WHYTE's representations, and the records and hours reported by KW.

30. Upon information and belief, defendant WHYTE knew that the District Council had the right to remove Union carpenters from KW's job sites for the failure to make contributions to the Funds in accordance with the collective bargaining agreement between KW and the District Council.

31. Upon information and belief, defendant WHYTE engaged in the scheme to defraud and conceal facts relating to KW's failure to remit contributions for its carpenter employees to the Funds, in whole or in part, because his wrongful taking and/or receipt of money was dependent upon KW's continuation of business operations.

32. Upon information and belief, the knowingly false representations by defendant WHYTE, or other individuals acting under his direction and control, were made for the purpose of deceiving the Funds and forestalling and/or preventing action to enforce KW's obligation to make contributions to the Funds, including, but not limited to a shut-down of KW's jobs as permitted by the collective bargaining agreement with the District Council.

33. Upon information and belief, defendant WHYTE knew that the false representations to the Funds or its agents with respect to hours worked and the number of carpenters employed at the KW job sites would result in an unjustified windfall to him.

34. Upon information and belief, defendant WHYTE benefited personally from the fraudulent scheme by converting to his own use money that was part of the compensation package of KW's carpenter employees, rather than remitting, or causing said funds to be remitted, to the Funds.

35. By reason of the foregoing acts and conduct plaintiffs have been damaged in a sum to be determined at trial, estimated to be the principal sum of one million one hundred fourteen thousand dollars one hundred eighty five dollars and eighteen cents ($1,114,185.18).

### As and for a Third Cause of Action
### Punitive Damages as to Defendant WHYTE

36. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "35" as if set forth in full hereat.

37. Defendant WHYTE knew that the deceptive and fraudulent acts and conduct as alleged above would adversely affect the welfare of employees of KW and their families who relied upon the Funds for medical and hospital insurance and other benefits.

38. Defendant's acts and conduct were gross, willful, wanton and morally culpable.

39. By reason of the foregoing WHYTE is liable for punitive damages.

WHEREFORE, plaintiffs demand judgment against defendants as follows:

(a) As to Count I,

    (1) damages in a sum to be determined at trial, estimated to be the principal sum of $1,114,185.18;

7

(2) interest, liquidated damages, attorneys fees, and costs, all as provided for in ERISA, Section 502(g), 29 U.S.C. §1132(g) and the relevant Trust and Agreements;

(b) As to Counts II and III,

(1) damages against WHYTE individually in an amount to be determined at trial, estimated to be the principal sum of $1,114,185.18;

(2) punitive damages against WHYTE in a sum three times the damages;

(3) interest on the foregoing;

(4) attorneys' fess and costs.

(5) such other and different relief as the Court deems proper and just.


Dated: New York, New York
       September 11, 2007

Yours, etc.,

O'DWYER & BERNSTIEN, LLP

By: _____
BRIAN O'DWYER (BOD 9522)
Attorneys for Plaintiffs
52 Duane Street
New York, New York 10007
(212) 571-7100

8