TRIVELLA, FORTE & SMITH, LLP
*Attorneys for the Defendants*
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
(914) 949-9075

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| THE NEW YORK DISTRICT COUNCIL OF CARPENTERS PENSION FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS WELFARE FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS VACATION FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS CHARITY FUND, by their Trustees Michael J. Forde and Paul O'Brien and NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, | **Case Number:** 07-CV-8008 (RJS)  **ANSWER TO COMPLAINT** |

                         Plaintiffs,

      -against-

KW CONSTRUCTION, INC., as Successor to K W GENERAL CONTRACTOR, INC. and JOHN WHYTE d/b/a KW CONSTRUCTION, INC., and JOHN WHYTE, individually,

                         Defendants.
-----------------------------------------------------------------x

**S I R S:**

      The defendants, KW CONSTRUCTION, INC. i/s/h/a KW CONSTRUCTION, INC., as Successor to K W GENERAL CONTRACTOR, INC. and JOHN WHYTE d/b/a KW CONSTRUCTION, INC., and JOHN WHYTE, individually (collectively referred to as "defendants"), by their attorneys, TRIVELLA, FORTE & SMITH, LLP, as and for their Answer to the plaintiffs' Complaint dated September 11, 2007, allege as follows upon information and belief:

1. With respect to paragraph "1" of the Complaint, the allegations contained therein are plaintiffs' characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the defendants, they are denied.

2. With respect to paragraph "2" of the Complaint, the allegations contained therein are plaintiffs' characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the defendants, they are denied and the defendants respectfully refer this Court to the statutes for their true content and meaning.

3. With respect to paragraph "3" of the Complaint, the allegations contained therein are plaintiffs' characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the defendants, they are denied and the defendants respectfully refer this Court to the statute for its true content and meaning.

4. With respect to paragraph "4" of the Complaint, the allegations contained therein are plaintiffs' characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the defendants, they are denied.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint and the defendants respectfully refer this Court to the statute for its true content and meaning.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Deny the allegations set forth in paragraph "7" of the Complaint and the defendants respectfully refer this Court to the statute for its true content and meaning.

8. Deny the allegations set forth in paragraph "8" of the Complaint

9. Admit the allegations set forth in paragraph "9" of the Complaint

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint and the defendants respectfully refer this Court to the Collective Bargaining Agreements for their true content and meaning.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint and the defendants respectfully refer this Court to the Collective Bargaining Agreements and Declarations of Trust for their true content and meaning.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint and the defendants respectfully refer this Court to the Collective Bargaining Agreements for their true content and meaning.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. With respect to paragraph "16" of the Complaint, the allegations contained therein are plaintiffs' characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the defendants, they are denied.

17. With respect to paragraph "17" of the Complaint, the allegations contained therein are plaintiffs' characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the defendants, they are denied.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. The defendants repeat and reallege every form of denial and/or admission set forth in the paragraphs marked "1" through "18" of this Answer as if fully set forth herein.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint and the defendants respectfully refer this Court to the Affidavit for its true content and meaning.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. With respect to paragraph "30" of the Complaint, the allegations contained therein are plaintiffs' characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the defendants, they are denied.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. With respect to paragraph "35" of the Complaint, the allegations contained therein are plaintiffs' characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the defendants, they are denied.

36. The defendants repeat and reallege every form of denial and/or admission set forth in the paragraphs marked "1" through "35" of this Answer as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

40. The claims set forth in the Complaint fail to state a cause of action for which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

41. The defendants have not failed to pay any amounts to the plaintiffs.

### . AS AND FOR A THIRD AFFIRMATIVE DEFENSE

42. The plaintiffs have failed to exhaust their contractual and other administrative remedies and conditions precedent prior to commencing this lawsuit.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

43. The plaintiffs' claims are barred by the doctrine of laches, waiver and equitable estoppel and legal estoppel.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

44. Upon information and belief, the plaintiffs are attempting to collect contributions for

individuals that did not perform bargaining unit work or did not work in the jurisdiction of the labor organization, that were not covered by any collective bargaining agreement or fund participation agreement or other obligation to contribute, for which there is no obligation for the defendants to make contributions, or for which contributions are illegal.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

45. To the extent the Complaint demands contributions from the defendants where no collective bargaining agreement or other fund participation agreement exists, the Court lacks subject matter jurisdiction over those contributions, the complaint fails to state a claim upon which relief may be granted, and the demand for contributions violates ERISA § 302(c)(5).

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

46. To the extent the Complaint seeks contributions for a period more than six years prior to the interposition of this action, the Complaint seeks contributions for time periods barred by the applicable Statute of Limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

47. Any damage to the Funds results from the culpability of the plaintiffs and/or the Union in failing to monitor the Funds and failing to maintain adequate records and otherwise does not result from the defendants' actions.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

48. The Complaint fails to satisfy the requirements of Rule 9 of the Federal Rules of Civil Procedure.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

49. The individual defendants are not liable for the amounts claimed in the Complaint.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

50.   To the extent the Complaint seeks to collect "union dues check-off monies initiation fees" and no valid dues authorization card exists for the check-off or initiation fee deduction from the employee(s), the check-off is illegal and the claim is void as against public policy.

**WHEREFORE**, having fully answered all the counts of the Complaint, the defendants, KW CONSTRUCTION, INC. i/s/h/a KW CONSTRUCTION, INC., as Successor to K W GENERAL CONTRACTOR, INC. and JOHN WHYTE d/b/a KW CONSTRUCTION, INC., and JOHN WHYTE, individually, respectfully demand judgment:

(a)   Dismissing the Complaint in its entirety;

(b)   for judgment against the plaintiffs for the costs, attorneys' fees and disbursements of this action; and

(c)   for such other and different relief as the Court may deem just and proper.

Dated: White Plains, New York
       November 26, 2007

Yours, etc.,
TRIVELLA, FORTE & SMITH, LLP

BY: RAQUEL A. WILLIAMS, ESQUIRE (RW 4641)
*Attorneys for the Defendants*
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
(914) 949-9075

To:   BRIAN O'DWYER, ESQ.
      O'DWYER & BERNSTEIN, LLP
      *Attorneys for the Plaintiffs*
      52 Duane Street
      New York, New York 10007
      (212) 571-7100

7

AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF WESTCHESTER      )

MICHELLE SALERNO, being duly sworn, deposes and says:

That I am not a party to this action; am over 18 years of age and reside in Westchester County, New York; that on the 27th day of November, 2007, I served the within ANSWER TO COMPLAINT in the action <u>The New York District Council of Carpenters et al. v. KW Construction Inc. et al.</u>, 07-CV-8008 (RJS) upon:

BRIAN O'DWYER, ESQ.
O'DWYER & BERNSTEIN, LLP
52 Duane Street
New York, New York 10007

by depositing a true copy of the same enclosed in a post-paid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

MICHELLE SALERNO

Sworn to before me this
27th day of November, 2007.

Notary Public

RAQUEL A. WILLIAMS
Notary Public, State of New York
No. 02WI6072574
Qualified in Westchester County
Commission Expires April 8, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2007, I served the foregoing ANSWER TO COMPLAINT on Brian O'Dwyer, Esq. of O'Dwyer & Bernstein, LLP, Attorneys for the Plaintiffs, by electronic mail in the matter of <u>The New York District Council of Carpenters et al. v. KW Construction Inc. et al.</u>, 07-CV-8008 (RJS).

TRIVELLA, FORTE & SMITH, LLP

BY: RAQUEL A. WILLIAMS, ESQUIRE (RW 4641)
*Attorneys for the Defendants*
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
Telephone: (914) 949-9075