```
-------------------------------------------------X
In The Matter Of The Arbitration

            between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,              OPINION
New York City District Council of Carpenters
Annuity Fund, New York City District Council                 AND
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,                  AWARD
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and New York City and
Vicinity Joint Labor Management Cooperation Trust
Fund, by Michael J. Forde and Joseph Olivieri, as
Trustees
                            (Funds)

        -and-

K W CONSTRUCTION, INC.
                            (Employer)
-------------------------------------------------X
BEFORE:  Robert Herzog, Esq.
```

K W CONSTRUCTION, INC. (hereinafter referred to as the "Employer") and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, are parties to Collective Bargaining Agreements, dated July 1, 1996 and thereafter, providing for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator, and in which the Employer has therein agreed, for the duration of the Agreements, to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). The Funds, as beneficiary of the Collective Bargaining Agreements, have standing before the

1

Arbitrator. In accordance therewith, the Funds, by an April 19, 2004 Notice of Intention to Arbitrate, demanded arbitration. The Funds alleged the Employer failed to make sufficient benefit contributions to the Funds for the period of January 1, 2000 through June 30, 2003 as required by the Collective Bargaining Agreements. Notices of Hearing dated May 7, 2004, June 8, 2004, July 10, 2004, August 30, 2004, October 30, 2004 and November 19, 2004 advised the Employer and the Funds that arbitration hearings were scheduled for June 1, 2004, July 7, 2004, August 27, 2004, October 25, 2004, November 17, 2004 and December 7, 2004 respectively.

On June 1, 2004, July 7, 2004, October 25, 2004 and November 17, 2004, at the place and time designated by the respective May 7, 2004, June 8, 2004, August 30, 2004, October 30, 2004 Notices of Hearing, Charles A. Poekel, Esq. and either Steven Kasarda, Esq. or Jason Fuiman, Esq. appeared on behalf of the Funds and John Whyte appeared on behalf of K W CONSTRUCTION, INC. At the June 1, 2004 hearing, Mr. John Whyte, on behalf of K W Construction, Inc., requested an opportunity to produce documents to the auditors in an effort to resolve in part or in whole the Funds claim that the Employer failed to make sufficient benefit contributions to the Funds for the period of January 1, 2000 through June 30, 2003. The Employer request was granted with the understanding that the case would be redocketed for July 7, 2004.

At the October 25, 2004 hearing, the Employer was granted an adjournment with the provisos that the Employer was to provide to the Funds or their auditors within the next ten (10) days the Employer's cash disbursement records and general ledger documents for January 1, 2000 through June 30, 2003 and that the case would be redocketed for November 17, 2004.

At the November 17, 2004 hearing, it was reported that Employer still had not provided to the Funds or the auditors the 2002 cash disbursements journal and cancelled check documentation. The following were agreed to by the parties and were incorporated in an Arbitrator's Directive:

A. By the close of the November 19, 2004 business day, the Employer was to produce to the Funds or their auditors the 2002 cash disbursements journal;

B. By the close of the November 24, 2004 business day, the Employer was to produce to the Funds or their auditors the cancelled check documentation;

C. The case was redocketed to December 7, 2004 to be heard on its merits.

The Employer sent a letter indicating its bank would need more time to produce the cancelled check documentation.

On December 7, 2004, at the place and time agreed to by the parties at the November 17, 2004 hearing and as memorialized by the November 19, 2004 Notice of Hearing, Charles A. Poekel, Esq. and

3

Steven Kasarda, Esq. appeared on behalf of the Funds. Despite the Employer having agreed to the December 7, 2004 date at the November 19, 2004 hearing, despite the notice sent memorializing the December 7, 2004 proceeding, and despite the claim against it, no appearance on the Employer's behalf was made. Also, no written, mutually agreed upon waiver by the parties to adjourn the December 7, 2004 proceeding, as required by the Collective Bargaining Agreements, was presented.

While the Employer has had seven and one-half (7½) months since the Funds' April 19, 2004 Notice Of Intention To Arbitrate to gather and produce to the Funds cancelled check documentation, the Employer has not produced the cancelled check documentation. Even if an additional time extension were granted for the Employer to produce the cancelled check documentation, the Employer is still in violation of its agreement and the Arbitrator's Directive to produce the 2002 cash disbursements journal by November 19, 2004.

The December 7, 2004 arbitration proceeded as a Default Hearing. Full opportunity was afforded the party present to be heard, to offer evidence, and to examine witnesses. The Funds thereupon presented their proofs to the Arbitrator.

The uncontroverted testimony and evidence established that:
- During the January 1, 2000 through June 30, 2003 period, the Employer was bound to Collective Bargaining Agreements with the

4

District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.

- The Collective Bargaining Agreements obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreement.
- The Collective Bargaining Agreements authorized the Funds to conduct an audit of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.
- In accordance with this auditing provision, an accountant, employed by the Funds, and with the consent of the Employer, performed an audit of the Employer's books and records.

The testimony of the Funds' auditor, Mr. Anthony Sgroi, established that the audit of the available Employer's books and records uncovered delinquencies in the amount of contributions due the Funds during the period of January 1, 2000 through June 30, 2003. The testimony further revealed that a copy of the Audit Summary Report had been forwarded to the Employer. Thereafter, the Funds demanded payment by the Employer. When the Employer failed to comply with the payment demand, the Notice of Intent to Arbitrate issued.

Auditor Sgroi's testimony set forth the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency. The total amount of the delinquency and interest for the January 1, 2000 through June 30, 2003 period was one hundred seventy thousand two hundred ninety-eight dollars and seventeen cents ($170,298.17). Applied to the outstanding principal as an offset was the Employer's five thousand dollar ($5,000) Surety Bond. The Funds requested an award for contributions owed, interest, promotional fund assessment, audit and counsel fees, arbitration and court costs as provided for by the Collective Bargaining Agreements, and for the Employer to provide a new Surety Bond as provided for by the Collective Bargaining Agreements. Testimony computing these amounts was received into evidence.

**AWARD**

Based upon the substantial and credible evidence of the case as a whole:

1. K W CONSTRUCTION, INC. is delinquent in its Fringe Benefit payments due and owing to the Funds under the terms of the Collective Bargaining Agreements;

2. K W CONSTRUCTION, INC. shall pay to the Funds forthwith the said delinquency amount, interest on said delinquency amount, the promotional fund assessment, the Funds' audit and counsel's fees,

6

the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

| | |
|---|---:|
| Principal Due | $106,335.13 |
| Interest Due | 58,963.04 |
| Promotional Fund | 561.05 |
| Court Costs | 150.00 |
| Audit Cost | 500.00 |
| Attorney's Fee | 1,500.00 |
| Arbitrator's Fee | 500.00 |
| TOTAL | $168,509.22 |

3. K W CONSTRUCTION, INC. shall pay to the District Council Carpenters Benefit Funds the aggregate amount of one hundred sixty-eight thousand five hundred nine dollars and twenty-two cents ($168,509.22) with interest to accrue at the rate of 10% from the date of this Award.

4. K W CONSTRUCTION, INC. shall provide to the District Council Carpenters Benefit Funds a Surety Bond, in the form of a bond, certificate of deposit or an escrow account, in the amount of twenty-five thousand dollars ($25,000).

Dated: December 11, 2004

Robert Herzog
Arbitrator

State of New York  )

County of Rockland )

I, Robert Herzog, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

                                              Robert Herzog

Dated: December 11, 2004        Arbitrator

To:  K W CONSTRUCTION, INC.
     William Whyte, President
     4235 Katonah Avenue
     Bronx, New York 10470

     Charles A. Poekel, Jr., Esq.
     New York City District Council Carpenters Benefit Funds
     395 Hudson Street
     New York, New York 10014

     Steven Kasarda, Esq.
     O'Dwyer & Bernstien
     52 Duane Street
     New York, New York 10007