UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE NEW YORK DISTRICT COUNCIL OF CARPENTERS
PENSION FUND ET AL.

                              Plaintiffs,                    **DECLARATION OF**
                                                                                        **JOHN WHYTE**

     -against-

                                                                                             **07-CV-08008 (RJS)**

KW CONSTRUCTION, INC., as Successor to KW
GENERAL CONTRACTOR, INC. and JOHN WHYTE d/b/a
KW CONSTRUCTION, INC., and JOHN WHYTE, individually,

                              Defendants.
------------------------------------------------------------------X

JOHN WHYTE, declares as follows pursuant to 28 U.S.C. § 1746:

    1. I am defendant in this action. I am also the principal of corporate defendant KW Construction Inc. I submit this declaration in opposition to the plaintiffs' application for an order of attachment against, *inter alia,* property owed by my wife, other third parties and myself. I also submit this declaration to correct the misstatements of fact contained in the plaintiffs' papers submitted in support of this application.

    2. My attorney advises me that necessary parties to a proceeding to attach real property include the owners of the property. My wife, Nasheem Whyte, is the sole owner of the 225 Millwood Road, Chappaqua New York 10514. I owned the property with her as husband and wife prior to transferring the property to her. Other individuals own the 17 Highland Avenue, Yonkers, New York property. A corporation owns the Goshen Property. These entities have not been included in this application for an order of attachment. Therefore the application should be denied for failing to join these owner/necessary parties.

3. The Court should deny the application for an attachment against my individual property or the property of my wife or other third parties. The property at 1700 Route 17M, Goshen, NY (hereinafter the "Goshen property") is not yet in foreclosure but it is my understanding we will not be able to continue to make payments on the $500,000 mortgage. We pay $6,000 a month. We had intended to renovate the property but could not obtain a construction loan. It is mortgaged for $500,000 which was taken out last August 2007. I am currently attempting to sell the property to avoid foreclosure. If the property is attached it will interfere with my ability to sell the property which would likely damage me in that the property would in all likelihood go into foreclosure. My interest in the owner of the property EMC of Tri-State is I own 40%. I have owned it for two years. KW Construction has no interest in this property whatsoever. My wife owns none of the Goshen property. I am concerned that if the attachment is issued that I will not be able to sell the property and avoid foreclosure. Part of the reason I am attempting to sell this property is to pay the mortgage on the property and, if there is a surplus, pay the Funds. I also dispute the right of the Funds to seek to attach this property to satisfy an unliquidated alleged corporate debt of KW Construction.

4. The unsigned collective bargaining agreement attached as Exhibit 1 to the plaintiffs' application, to my recollection, was never signed by me or any representative of KW Construction. The audit also appears to apply to periods where the plaintiffs provide no signed agreement requiring contributions to the employee benefit funds. I never recall signing any contract after the 5/16/01 Agreement annexed at Exhibit 3. I also never agreed to be bound individually for contributions to the employee benefit funds, and signed the collective bargaining agreements only in my official capacity as "President".

5. I don't understand why the Funds are seeking to restrain or otherwise collect from my personal assets. My attorney advises me that, absent fraud, I am not individually liable for any employee benefit fund delinquency accruing to KW Construction. I signed both the 1996 and 2001 interim compliance agreement in my capacity as "President" of KW Construction which title is specifically stated on the signature line. I don't recall ever signing any other agreement or any document obligating me to pay personally the employee benefit fund contributions.

6. The bank accounts the plaintiffs seek to attach are not accounts for KW Construction. The Country Bank is my personal bank account that pays all of my bills. My wife and I have a small account at JP Morgan which has approximately $8,000 in personal funds in it. The Country Union JP Morgan and Webster bank accounts. These banks never had corporate accounts for KW Construction. KW Construction banked years ago at Country Bank and perhaps Union bank but these accounts have been closed I believe since 2004. I would ask that an attachment is inappropriate and, were an attachment to issue, I would ask that the attachment allow me to pay my ordinary living expenses which include approx $4,000 in monthly mortgage payments, auto payment of $1,000 a month, health insurance premiums of $1,300 a month, Con Edison, cable, food and clothing bills, school tuition for my two children, gas and other such necessary items for my living and for my family's needs.

7. I believe many of the hours picked up by the District Council auditor had to do with work performed in Westchester County or paid to painters, tapers, steelworkers, laborers or other individuals not covered by the New York District Council collective bargaining agreements. I also believe the forensic auditor picked up hours outside of the period of the New York District Council collective bargaining agreements.

8. There has been no showing that the other corporations listed in the plaintiffs' papers are affiliated with KW Construction. KW Construction of Tri-State was duly formed in 2002 and has been filed with the New York State Division of Corporations. The information relating to it was publicly available since then. There was no attempt to conceal this corporation from the plaintiffs.

9. I don't believe the auditor's calculations are correct. It is difficult for me to evaluate the auditor's findings since no detailing of those findings was attached to the plaintiffs' papers. There was no matching by the auditor of the hours he picked up with the District Council shop reports to establish that the hours he picked up were for work covered by the collective bargaining agreements. I believe if they were to perform such a match the hours would be significantly less. I plead not guilty to the auditor's allegations that the financial records were fraudulent. I also plead not guilty to his charge that carpenters not listed on KW Construction's books but listed with one of the other corporations somehow constitutes fraudulent activity. His "calculation" of the delinquency by comparing payments made under these other corporations to the remittance forms sent to the Funds by the corporations my attorney advises me is flawed in that it fails to consider whether the work performed for the hours listed was work for which a contribution was owed to the Funds.

10. I dispute the forensic auditor's conclusion that I refused to provide records to the Funds. In approximately 2004 I provided bank records and W2 forms from 2001 through 2003 even though the Funds provided no signed collective bargaining agreement for that time period.

11. The Chappaqua property should not be restrained because I don't have any interest in the property. My wife is the sole owner. Even if the transaction whereby my wife obtained sole ownership is ignored, it was previously held by my wife and I as a married couple as tenants in

the entirety. My attorney advises me that when parties hold property as tenants in the entirety that my spouse has an interest in the property that is not attachable by my creditors or by creditors of KW Construction. My wife never had any interest at any time in KW Construction or any of the other corporations listed in this action.

12. As to the plaintiffs' allegation that personal expenses were paid from the Corporation, I dispute the claim that KW Construction failed to observe the corporate formalities. KW Construction had separate corporate accounts and conducted business as a separate corporation from myself. The Funds at the time the collective bargaining agreements were signed knew of the existence of the corporate entity and never sought to require me to sign in my individual capacity for employee benefit fund delinquencies. The allegations of a failure to maintain the corporate formalities do not establish an intent to defraud the plaintiffs. It is my understanding that to hold me personally liable for the fund contributions the plaintiffs must show not merely a failure to maintain corporate formalities but a scheme to defraud the funds.

13. I read the Rivera Affidavit submitted in support of the plaintiffs' motion. I plead not guilty to the allegations contained therein. I recall the Bronx School of Law to be a small job of approximately 2-3 employees. If contributions are owed for them then KW Construction will make arrangements to pay the contributions. I never received a delinquency notice from the Funds or Union for this site. I recall no carpenter, either from this site or any site for that matter, ever filing a complaint against KW Construction for stamp shortages during the entire time KW Construction operated. I recall no correspondence from the Funds or the Union alleging a carpenter complained about not receiving stamps for any period. In any event this has nothing to do with whether the plaintiffs are entitled to restrain over one million dollars in property. This is the first time I have ever heard of allegations from Mr. Rivera leveled against me.

14. For the foregoing reasons I request the Court deny the plaintiffs' motion.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: White Plains, New York
       March 25, 2008



JOHN WHYTE